SECOND INJURY FUND, Appellee,

v.

MICH COAL COMPANY and the Travelers, Appellants,

and

Steve Earl Lewis and the Iowa Industrial Commissioner, Respondents.

No. 61508.

Supreme Court of Iowa.

Jan. 24, 1979.

John N. Moreland, Ottumwa, for appellants.

Richard C. Turner, Atty. Gen. and Lee M. Jackwig, Asst. Atty. Gen., for appellee.

Considered by REES, P. J., and McCORMICK, ALLBEE, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

The question presented in this appeal involves the degree of disability resulting from a "second injury" suffered by claimant Steve Earl Lewis. In 1963 Lewis sustained an injury to his left leg and received workers' compensation. Subsequently, in 1972, Lewis suffered a "second injury" mainly to his right leg. Under § 85.64, The Code, his employer is only liable for the disability resulting from the second injury. The state Second Injury Fund is obligated to pay claimant the balance of any permanent injury award after deducting the total separate compensable values of the first and second injuries.

The record below reflects a conflict in fixing liability. Although both the deputy industrial commissioner and the district court agree Lewis is due 182 weeks disability payments, they differ on designation of the party liable. The deputy industrial commissioner ordered the Fund to pay 182 weeks of compensation to Lewis. On judicial review under §§ 86.34 and 17A.19, the district court modified that order and ruled the employer must pay the total permanent disability award less the compensable value of the 1963 injury to the left leg. We reverse and remand the case to the industrial commissioner with instructions.

The Second Injury Compensation Act, § 85.64, provides as follows:

Limitation of benefits. If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently disabled by a compensable injury which has resulted in the loss of or loss of use of another such member or organ, *the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability.* In addition to such compensation, and after the expiration of the full period provided by law for the payments thereof by the employer, the employee shall be paid out of the "Second Injury Fund" created by this division the remainder of such compensation as would be payable for the degree of permanent disability involved after first deducting from such remainder the compensable value of the previously lost member or organ.

Any benefits received by any such employee, or to which he may be entitled, by reason of such increased disability from any state or federal fund or agency, to which said employee has not directly contributed, shall be regarded as a credit to any award made against said second injury fund as aforesaid. (Emphasis supplied.)

Only two cases involving § 85.64 previously have been considered by us. In *Irish v. McCreary Saw Mill*, 175 N.W.2d 364, 369 (Iowa 1970), we concluded the phrase "loss of use" in the statute was not intended by

the legislature to imply "total loss of use" of a member of the body, or the body as a whole.

In *Anderson v. Second Injury Fund*, 262 N.W.2d 789, 791–792 (Iowa 1978), we stated at length the background and purpose of second injury funds, which is to encourage employers to hire handicapped workers.

The factual issue in this case concerns the inquiry whether Lewis' present disability results from the 1972 injury, in which event Mich Coal and The Travelers bear the costs, or results from a combination of the 1963 and 1972 accidents, in which event the Second Injury Fund bears the costs of disability in excess of the costs of disability which would have resulted if there had been no pre-existing disability.

■ Our review of this case is not de novo. *Hoffmann v. Iowa Department of Transportation*, 257 N.W.2d 22, 25 (Iowa 1977). As in other civil cases, our review is to correct errors at law. See § 17A.20; Rule 4, R.App.P.

I. *Background of the problem.* In 1963 Lewis broke his left leg above the knee while working in a mining operation for Mich Coal Company. As a result of that injury he permanently lost about 40% flexibility of the leg. It was repaired by use of a plate that made the left leg one quarter of an inch longer than the right leg. He was paid 108 weeks workers' compensation for a § 85.34 scheduled injury with 54% loss of use of the left leg.

Lewis returned to work for Mich Coal in November 1964. Although the knee was somewhat stiff, he regained fairly good function of the left leg. He continued as a full time employee until a second accident in March 1972 when he became entangled in a vertical slate drill. The accident twisted his body, broke his right leg and severely cut both legs. As a result of this injury his right leg now is more than one inch shorter than the left leg. He was paid 110 weeks disability payments for a scheduled injury by The Travelers, insurance carrier for Mich Coal, based on 55% loss of use of the right leg under § 85.34(2)(o), The Code, 1971.

In September, 1973 Lewis returned to work for Mich Coal on a trial basis. After approximately five months, foot ulcers developed and forced him to stop working. Since winter 1974 he has been unable to work full time. The ulcers erupt after Lewis works or spends periods of time on his feet and he must elevate his feet to promote healing. He testified he never had foot ulcers prior to the 1972 injury.

In 1975 Lewis filed an application for review reopening before the industrial commissioner and claimed he was now 100% industrially disabled as a result of the 1972 injury. See § 86.34, The Code, 1975. Mich Coal alleged the Second Injury Fund was liable for any payments awarded in addition to the scheduled payments already made to Lewis for the 1972 injury. On motion of Lewis, the commissioner ordered the Fund brought in as an additional defendant.

■ When an injury to a scheduled member results in disability to the body as a whole, the claimant may be entitled to compensation for the total disability. Determination of whether compensation must be limited to that statutorily fixed for the scheduled member or may be computed on the basis of total disability is a legal issue subject to judicial review. *Barton v. Nevada Poultry Co.*, 253 Iowa 285, 288, 110 N.W.2d 660, 662 (1961); *Dailey v. Pooley Lumber Co.*, 233 Iowa 758, 764–765, 10 N.W.2d 569, 572–573 (1943).

The evidence at trial before the deputy industrial commissioner showed that in Lewis' present condition: (1) the right leg is now one and one-quarter inches shorter than the left leg; (2) recurring ulcers and calluses have developed on the bottom of both feet as a result of the leg length difference; (3) poor blood circulation has developed below the knees of both legs; and (4) pain in the lower back has developed.

The deputy found as a fact Lewis has sustained an industrial disability of 80% of the body as a whole and is entitled to 400 weeks compensation. § 85.34(2)(u), The Code, 1975. No party disputes that finding.

The only other specific findings of fact by the deputy were as follows:

1. That the claimant sustained a scheduled injury of the left leg on September 13, 1963.

2. That the claimant received one hundred eight (108) weeks permanent partial disability payments for that injury.

3. That the claimant sustained a scheduled injury of the right leg on March 25, 1972.

4. That the claimant received one hundred ten (110) weeks of permanent partial disability payments for that injury.

5. That the claimant has been paid his full healing period for the March 25, 1972, injury.

The deputy ordered the Fund to pay claimant 182 weeks permanent partial disability. The 182 weeks was computed by taking 400 weeks less the total previously paid 108 and 110 weeks. He further ordered the employer to continue to provide reasonable and necessary medical treatment of the foot callus problem.

■ The commissioner is the fact finder in worker's compensation cases. If supported by substantial evidence, his findings are binding upon us and have the same effect as a jury verdict. *Catalfo v. Firestone Tire and Rubber Co.*, 213 N.W.2d 506, 509 (Iowa 1973).

■ However, the deputy made no finding of fact as to degree of disability related to the body as a whole which resulted from the 1972 injury. This finding appears crucial to us to determine the obligations of the employer and the fund under § 85.64. The fact findings stated the two injuries and amounts received by claimant but did not identify the degree to which the 1972 injury was involved in the 80% disability of the body as a whole.

After the Fund filed a petition for judicial review, the district court modified the deputy's decision and ordered the employer to pay the 182 weeks permanent partial disability. The court, however, acted without the crucial fact finding stated above.

II. *Evidence in the record.* Disposition before the deputy commissioner and the district court was based on incomplete testimony and fact findings regarding the causation of Lewis' current disability.

Mich Coal and Travelers point out the following evidence in support of their contention the 1963 injury to the left leg combined with the 1972 injury to the right leg to cause Lewis' present condition. Lewis testified his current inability to work results from a combination of the injury to both legs. However, it was not specified whether he referred to the 1963 injury to the left leg or to the 1972 injury to both legs and resulting skin grafts. Dr. Donald Blair, orthopedic surgeon, did not negate the possibility that some circulatory impairment was caused by the 1963 accident. Dr. Blair indicated the 1963 left leg disability would have some increased disability when considered with the 1972 injury and correlated to the man as a whole, although he did not quantify the degree. The employer also contends the 1972 accident only additionally shortened the right leg over the difference that existed after the 1963 accident. Therefore, the employer contends the injuries to the two legs have now caused the ulcerations on the feet, which prevent Lewis from working.

On the other hand, in support of the position of the Fund that the 1972 injury is the sole cause of Lewis' present condition, the deputy stated:

The claimant has the burden of proving by a preponderance of the evidence that the injury of March 25, 1972, is the cause of his disability on which he now bases his claim. *Lindahl v. L. O. Boggs*, 236 Iowa 296, 18 N.W.2d 607. *Bodish v. Fischer, Inc.*, 257 Iowa 516, 133 N.W.2d 867. A possibility is insufficient; a probability is necessary. *Burt v. John Deere Waterloo Tractor Works*, 247 Iowa 691, 73 N.W.2d 732. The question of causal connection is essentially within the domain of expert testimony. *Bradshaw v. Iowa Methodist Hospital*, 251 Iowa 375, 101 N.W.2d 167. We conclude that the claimant has sustained his burden of proof.

There is ample medical evidence to support that conclusion.

If the deputy meant by the above conclusion that the 1972 injury was the cause of the 80% disability, his order was inapposite because he ruled the Fund, rather than the employer, had to pay the 182 weeks of compensation.

There also was evidence from which the degree of present industrial disability from the 1972 injury could be fixed at less than 80% of the body as a whole.

III. *Disposition of the case.* We are unable to determine whether the employer or the Fund should be liable for the 182 weeks of compensation without a finding of fact as to the degree of disability to the body as a whole resulting from the 1972 injury.

In *Catalfo v. Firestone Tire and Rubber Co.*, 213 N.W.2d 506, 510 (Iowa 1973), we initially stressed the need and duty of an agency to make detailed findings of fact and conclusions of law to assist us in appellate review to know the exact basis for the agency decision. We have repeatedly stressed that need and reiterate it here. *McDowell v. Town of Clarksville*, 241 N.W.2d 904, 908–909 (Iowa 1976); *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 908 (Iowa 1974), *Erb v. Iowa State Board of Public Instruction*, 216 N.W.2d 339, 342 (Iowa 1974).

We hold that in a second injury fund case under § 85.64 when the commissioner finds as to claimant's present condition an industrial disability of the body as a whole, the commissioner must also make a factual finding as to the degree of disability to the body as a whole of the claimant caused by the second injury. When supported by substantial evidence, this finding will better enable the employer and the Fund to know their obligations and avoid additional appeals. It will also enable us to perform our duty of review when an appeal is taken.

We reverse the trial court and remand the case to the industrial commissioner under § 17A.19(8) for further proceedings, including receiving additional evidence if necessary, to enter a factual finding and order thereon in conformity with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.