Janice K. REITER, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SER-
VICE, Respondent-Appellee.

No. 2–66882.

Court of Appeals of Iowa.

Sept. 21, 1982.

Harold W. White, Estherville, for petitioner-appellant.

Walter F. Maley, Des Moines, for respondent-appellee.

Submitted to OXBERGER, C.J., and DONIELSON and JOHNSON, JJ.

JOHNSON, Judge.

Petitioner-claimant, Janice K. Reiter, appeals from the district court's decision on judicial review affirming respondent-agency's, Iowa Department of Job Service, decision disqualifying her from receipt of unemployment benefits. She asserts: 1) that the district court had subject matter jurisdiction and was not prohibited from considering the supplemental record made on remand to the agency when no administrative appeal was taken from the agency hearing officer's decision on remand; and 2) that the record did not contain sufficient evidence to support a finding that the job referral she refused was suitable. Respondent agency asserts that petitioner's failure to pursue an administrative appeal from the decision of the hearing officer on remand deprived the district court of subject matter jurisdiction as well as authority to consider the supplemental record. We affirm the district court's decision.

Claimant was last employed by Land-O-Lakes of Estherville, Iowa, on August 9, 1976, as a machine manager, where she was earning $2.70 per hour. She was laid off on August 9, 1976, and filed an additional claim for benefits effective August 8, 1976. On or about September 20, 1976, claimant

was referred to work at Armstrong Rim & Wheel in Armstrong, Iowa, at $3.33 an hour but she did not investigate this opportunity.

On October 13, 1976, a claims deputy issued a decision finding claimant disqualified from benefits "until such time as you again establish yourself in the labor market by accepting employment of a permanent nature," pursuant to Iowa Code § 96.5(3) (1975). On appeal the decision of the claims deputy was affirmed. Claimant thereafter filed a timely petition for judicial review of the agency's decision with the district court. After the agency filed its answer, claimant filed an application with the district court for leave to present additional evidence as permitted by Iowa Code § 17A.19(7) (1977). On June 13, 1977, the district court granted claimant's application for leave to present additional evidence. The additional evidence was taken before an agency hearing officer and a supplemental record was filed with the district court on October 25, 1977. The matter came for hearing on January 24, 1978, and the district court affirmed the agency's findings disqualifying petitioner from benefits. Additionally, in its ruling, the court noted that it might not have subject matter jurisdiction over the matter because of petitioner's failure to appeal from the hearing decision officer's modified ruling. Petitioner appeals from the district court's ruling.

**I. Scope of Review.** Pursuant to Iowa Code § 17A.20 (1977), our review in this case is limited to a determination of whether the district court made errors of law when it exercised its power of review of the agency action under section 17A.19. *Jackson County Public Hospital v. PERB,* 280 N.W.2d 426, 429 (Iowa 1979). Section 17A.19 limits the district court's review to determination of whether the agency committed any errors of law specified in section 17A.19(8). Thus, to determine whether the district court properly exercised its power in this review, "this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required." *Jackson County,* 280 N.W.2d at 429–30. Section 17A.19(8) provides that the district court shall reverse or modify the agency action if such action is effected by error in the application of law or administrative rule, (Iowa Code §§ 17A.19(8)(a)(b)(c)(e) (1977)), or is not supported by the substantial evidence in the record made before the agency when the record is viewed as a whole. Iowa Code § 17A.19(8)(f) (1977).

**II. Jurisdiction of District Court.** The agency claims that the district court was without jurisdiction to review this contested case because claimant failed to file a timely appeal within the agency following the agency's decision after additional evidence was taken. Petitioner claims that the district court retained jurisdiction when the court ordered the taking of additional evidence, thus negating the need for additional appeals within the agency.

It is important for our discussion to distinguish the remand contemplated in Iowa Code § 17A.19(8) and the ability of the court to order the taking of further evidence under Iowa Code § 17A.19(7). The two are not synonymous. *Compare Cedar Valley Leasing, Inc. v. Iowa Department of Revenue,* 274 N.W.2d 357, 362 (Iowa 1979), *with Second Injury Fund v. Mich Coal Co.,* 274 N.W.2d 300, 304 (Iowa 1979). This court is not presented the issue of whether the district court retains jurisdiction when it remands under section 17A.19(8), but rather whether it retains jurisdiction when it orders the taking of additional evidence under section 17A.19(7).

"Judicial review of administrative proceedings is a right conferred by statute" and the exclusivity of chapter 17A cannot be disregarded. *Kerr v. Iowa Public Service Co.,* 274 N.W.2d 283, 287 (Iowa 1979). Jurisdiction of the district court cannot be established by "consent, waiver or estoppel;" it is purely a matter of statute. *Cunningham v. Iowa Department of Job Service,* 319 N.W.2d 202, 204 (Iowa 1982). Many procedural requirements must be met to confer and to secure the jurisdiction of

the district court for the purposes of judicial review. *See* Iowa Code §§ 17A.16, 17A.19(1), et seq. (1981). The present issue is whether, once the district court had jurisdiction, it lost jurisdiction by ordering the taking of additional evidence before the agency. We find that it did not lose jurisdiction.

The district court's order stated that the agency was to "make specific findings and otherwise comply with Section 17A.19(7) of the Code...." That section provides in part:

> In proceedings for judicial review of agency action, a court may hear and consider such evidence as it deems appropriate. In proceedings for judicial review of agency action in a contested case, however, a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted by constitution or statute to the agency in that contested case proceeding. Before the date set for hearing, a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there was good reasons for failure to present it in the contested case proceeding before the agency, *the court may order that the additional evidence be taken before the agency upon conditions determined by the court.* The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modification, new findings, or decisions with the *reviewing court* and mail copies of the new findings or decisions to all parties.

Iowa Code § 17A.19(7). (emphasis added). "A section 17A.19(7) application must show (1) materiality and (2) good reasons for failure to present the evidence earlier." *Cedar Valley Leasing, Inc. v. Iowa Department of Revenue,* 274 N.W.2d at 362. If these elements have been established to the satisfaction of the district court, it may order the taking of additional evidence.

Such a procedure is called a "limited remand." *Id.* "Remand for additional evidence to controvert [the] record is not contemplated by § 17A.19(7)." *Id.* No party to this appeal challenges the propriety of the district court's limited remand.

Section 17A.19(7) was adapted from the Model State Administrative Procedure Act, which has been adopted by many states. *See* Model State Administrative Procedure Act, *14 Uniform Laws Ann., § 15 (1980).* In examining an analogous provision to section 17A.19(7), a Maryland court addressed the retention of jurisdiction by the reviewing court and concluded:

> This section does not require a complete remand of the case to the administrative agency, but rather it anticipates the referral for the receipt of additional evidence with an opportunity for the agency to modify its findings or decision. The [district] court remains a "reviewing court," and the section clearly requires the agency to submit the additional evidence to the court alone with its modifications, if any. The APA contemplates that the [district] court, while ordering additional evidence to be received by the agency, retains continuing jurisdiction over the appeal. After the agency has completed its action, the [district] court may then proceed with its consideration of the appeal on the merits. Naturally, it is possible that the additional evidence of any modification of the agency decision premised thereon may render the appeal moot or at least alter its focus.

*Breedon v. Maryland State Department of Education,* 45 Md.App. 73, 86–87, 411 A.2d 1073, 1081 (1980). We find no such reasoning persuasive.

The limited remand contemplated in section 17A.19(7) is unlike the remand envisioned in section 17A.19(8), in that the district court need not consider the merits of the appeal prior to ordering the taking of additional evidence. The purpose of the limited remand is to expand the record available to the district court for judicial review and permit the agency to modify its decisions on the basis of the additional evidence. Iowa Code § 17A.19(7). The remand under section 17A.19(8) contemplates

the review on the merits and has been held to be appropriate where an erroneous rule of law is applied by the agency or where the record is inadequate for the court to determine effectively the merits of the appeal. *See* Iowa Code § 17A.19(8) (1981); *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181 (Iowa 1980).

We do not believe that limited remand and retention of jurisdiction by the district court usurps the functions and prerogatives of the agency, as urged by the appellee. Rather, it promotes the receipt of additional material evidence at the agency level. It permits the agency another opportunity to exercise its expertise and to affirm or modify its previous decision on the basis of the additional evidence. The retention of jurisdiction further eliminates duplicious and cumbersome proceedings and promotes the fair and efficient administration stated in Iowa Code § 17A.1(1981).

Even after the filing of additional evidence of the reviewing court by the agency and the review on the merits, the district court has the power to remand the claim under section 17A.19(8). This provides an additional safeguard for the agency to have an opportunity to exercise the expertise it has acquired in a given field. Accordingly, we find the district court had subject matter jurisdiction over petitioner's claim.

**III. Agency's Decision.** Claimant argues the record lacked substantial evidence to support the agency's conclusion that she refused the referral to a job without good cause. She specifically contends: 1) that the job was located at an excessive distance from her residence; and 2) that because of health problems she could not work around the spray paint required by the job. The agency found 1) that claimant refused to apply for the job because it was not in Estherville; and 2) that there was no evidence showing that she was allergic to the spray material at the job.

The specific legal basis for petitioner's disqualification is Iowa Code § 96.5(3) (1977), which provides in part:

An individual shall be disqualified for benefits: if the department finds that he has failed, without good cause, either to apply for available suitable work when so directed by the employment office or the department or to accept suitable work when offered to him, or to return to his customary self-employment, if any.

The record shows that on or about September 20, 1977, claimant was informed of a job opening at Armstrong Rim & Wheel in Armstrong, Iowa, and that she declined to pursue the job opening, but did not give any reasons for refusing the job referral. At the fact-finding interview with the claims specialist on October 6, 1976, the claimant stated her reasons for refusing the job were "I refused this job because of the distance to commute—34 miles per day. I have never had to commute for work. My wage was $2.70 per hour. I will be returning to work approximately November 1, 1976." The job in Armstrong was to pay $.63 more per hour. On December 6, 1976, approximately ten weeks after her discussion with the claims specialist in Estherville, claimant saw Jerry Dawson, M.D., of Estherville, Iowa. Dr. Dawson stated at that time that claimant had developed a "cutaneous rash due to exposure to paints . . . ." The doctor recommended the claimant not work where she would be exposed to paints. The doctor did not discuss what type of paint or what element in the paint might be causing her allergic reaction. Claimant stated in her appeal hearing of November 18, 1976, that she did not go to a doctor before declining to apply for the job. Nor did she interview at Armstrong Rim & Wheel to find out the nature of the job assignment beyond the classifications of a spray painter. She made no inquiry as to what type of paint was used at this new job. She further stated that she would be willing to accept suitable employment only if offered in Estherville.

We next address the principles governing questions of substantial evidence. Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *City of Davenport v. PERB*, 264 N.W.2d 307, 311 (Iowa 1978). In making this determination, we are limited to the record made before the hearing officer.

§ 17A.19(7). The mere possibility that the record would support another conclusion does not permit the district court or this court to make a finding inconsistent with the agency's findings so long as there is substantial evidence to support it. *See City of Davenport,* 264 N.W.2d at 312; *see also Carstensen v. Board of Trustees of the Police Retirement System,* 253 N.W.2d 560, 562 (Iowa 1977). Nor does the possibility of drawing two inconsistent conclusions from the evidence prevent an administrative agency's finding from being supported by substantial evidence. *Cook v. Iowa Department of Job Service,* 299 N.W.2d 698, 701 (Iowa 1980); *City of Davenport,* 264 N.W.2d at 311. The question is not whether there is sufficient evidence to warrant a decision the agency did not make, but rather whether there is substantial evidence to warrant the decision it did make. *See Deaver v. Armstrong Rubber Co.,* 170 N.W.2d 455, 464 (Iowa 1969).

■ Applying these principles, we are convinced that the record on the whole substantiates the agency's finding that the claimant refused a job referral without good cause. Accordingly, we affirm the decision of the district court.

AFFIRMED.