**SECOND INJURY FUND, Appellee,**

v.

**Gary Lee NEELANS, Appellant,**

and

**John Deere Component Works, Appellee.**

**No. 88–399.**

Supreme Court of Iowa.

Feb. 22, 1989.

Rehearing Denied March 16, 1989.

Gregory T. Racette of Hopkins & Huebner, P.C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Charles S. Lavorato, for appellee Second Injury Fund.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER and ANDREASEN, JJ.

LARSON, Justice.

This case turns on the interpretation of our Second Injury Compensation Act, Iowa Code §§ 85.63–.69 (1985). The issue is the extent of liability of an employer when a worker sustains a "scheduled" injury under Iowa Code section 85.34 and that injury has combined with an earlier scheduled injury to cause disability to the body as a whole. Is the present employer's liability for benefits limited to the scheduled benefits for the latest injury, or must the employer pay a pro rata share of the benefits payable for the worker's disability to the body as a whole?

In this case, the industrial commissioner interpreted section 85.64 to limit the liability of the present employer, John Deere, to the amount of the scheduled benefits for the present injury, because that injury, standing alone, did not extend to the body as a whole. The district court reversed and ordered that the Second Injury Fund and John Deere share the payment for the benefits provided for disability to the body as a whole. *See* Iowa Code § 85.34(2)(u). Neelans has settled with John Deere, and it is not involved in the present appeal. We reverse and remand.

Gary Lee Neelans, an employee of John Deere, injured his right hand twice—in a house fire in 1979 and in a car accident in 1981. As a result of these two injuries, surgery was required on his hand. The industrial commissioner in this second injury proceeding found the impairment of the hand resulting from these injuries to be ten percent of his right hand. Neelans later suffered an injury to his left knee while employed at John Deere. The industrial commissioner found this injury to have resulted in a twenty percent impairment of his left leg.

Because there had been earlier injuries to Neelans which affected his ability to do his job, our Second Injury Compensation Act became operative. The relevant provisions, found in section 85.64, state:

> If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently disabled by a compensable injury which has resulted in the loss of or loss of use of another such member or organ, *the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no preexisting disability*. In addition to such compensation, and after the expiration of the full period provided by law for the payments thereof by the employer, the employee shall be paid out of the "Second Injury Fund" created by this division the remainder of such compensation as would be payable *for the degree of permanent disability involved after first deducting from such remainder the compensable value of the previously lost member or organ.*
>
> Any benefits received by any such employee, or to which the employee may be entitled, by reason of such increased disability from any state or federal fund or agency, to which said employee has not directly contributed, shall be regarded as a credit to any award made against said second injury fund as aforesaid.

(Emphasis added.)

Our statutory "schedule" of compensation prescribes the amount to be provided to the worker for the loss of certain speci-

fied body members, including eyes, ears, fingers, toes, hands, arms, feet, and legs. Iowa Code § 85.34(2)(a)–(t). The prior injuries to Neelans' hand, although they were not sustained in the course of his employment, were the type provided for by the compensation schedule. *See* Iowa Code § 85.34(2)(*l*) (Our second injury act does not require that the prior injury be work related.).

In those cases involving an injury falling outside of the schedule, Iowa Code section 85.34(2)(u) provides for other benefits. The disability referred to in this section is commonly known as industrial disability, disability to the body as a whole, or simply an "unscheduled" injury. *See Lauhoff Grain Co. v. McIntosh,* 395 N.W.2d 834, 835 (Iowa 1986).

In applying section 85.64 to this case, the industrial commissioner found that the cumulative effect of Neelans' two scheduled injuries (his hand and leg) was "industrial disability of sixty-five percent of the body as a whole." *See* Iowa Code § 85.34(2)(u). Translated to weeks of compensation, this amounted to 325 weeks of permanent partial disability (65% × 500 weeks).

The prior ten percent hand impairment, based on the schedule in section 85.34(2)(*l*) translates to nineteen weeks (10% × 190 weeks). The twenty percent leg impairment translates to forty-four weeks of permanent partial disability under section 85.-34(2)(*o*) (20% × 220 weeks). So, the total of the two scheduled injuries is sixty-three weeks when they are considered separately. When considered together, the industrial commissioner found they caused disability to the body as a whole calling for 325 weeks of compensation, as computed above. Thus, the whole is substantially greater than the sum of its parts—262 weeks more to be exact, and that is what the argument is about here.

Under section 85.64, is the employer at the time of the last injury, in this case John Deere, liable for a pro rata share of the 262 weeks as the Second Injury Fund argues, or is the fund liable for all of it, as Neelans argues? The industrial commissioner has,

at various times, ruled both ways, but now agrees with Neelans.

In *Second Injury Fund v. Mich Coal Co.,* 274 N.W.2d 300 (Iowa 1979), a related issue was presented. In *Mich Coal,* however, there was one distinguishing factor: It was not clear whether the last injury was limited to the schedule or whether it in fact extended to the body as a whole. We held that further fact-finding would be required, stating:

> We hold that in a second injury fund case under § 85.64 when the commissioner finds as to claimant's present condition an industrial disability of the body as a whole, the commissioner must also make a factual finding as to the degree of disability to the body as a whole of the claimant caused by the second injury. When supported by substantial evidence, this finding will better enable the employer and the Fund to know their obligations and avoid additional appeals. It will also enable us to perform our duty of review when an appeal is taken.

*Id.* at 304.

An injury to a scheduled member may entitle a claimant to compensation for industrial disability only if the injury to the member results in disability to the body as a whole. *Mich Coal,* 274 N.W.2d at 302.

Neelans' leg injury sustained on the job with John Deere was a scheduled injury, compensable under Iowa Code section 85.-34(2)(*o*). The injury did not extend to Neelans' body as a whole, according to the findings of the industrial commissioner. The present case must therefore be distinguished from *Mich Coal,* because in that case it was not established whether the second injury had in fact extended to the body as a whole. We remanded for that determination to be made.

In this case, the industrial commissioner read *Mich Coal* to require payment by an employer over and above the scheduled amount only when the second injury in fact does extend to create a whole-body disability. We give the industrial commissioner's interpretation of the workers' compensation statutes considerable weight, although it is, of course, not binding. *Briar*

**358**

*Cliff College v. Campolo,* 360 N.W.2d 91, 93 (Iowa 1984); *Doerfer Div. of CCA v. Nicol,* 359 N.W.2d 428, 432 (Iowa 1984).

The Second Injury Fund argues that the employer must always share a pro rata portion of the compensation provided for disability to the body as a whole to the extent that the second injury contributed to it. We believe the Fund misinterprets section 85.64 and our holding in *Mich Coal.* The language in *Mich Coal* which requires "a factual finding as to the degree of disability to the body as a whole of the claimant caused by the second injury" should not be interpreted as requiring in every case that the second injury will be considered as one extending to the body as a whole. If the second scheduled injury, standing alone, does not amount to a disability of the body as a whole, we believe a fair reading of *Mich Coal* and section 85.64 limits the liability of the employer to payment of the scheduled amount attributed to the last injury.

The language of the second injury act supports this conclusion by providing that "[t]he employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability." To hold otherwise would in effect penalize the employer who hired a person with a prior injury. The purpose of Second Injury Fund statutes was to provide a more favorable climate for the employment of persons injured through service in World War II. Jackwig, *The Second Injury Fund of Iowa: How Complex Can a Simple Concept Become?,* 28 Drake L.Rev. 889, 890–91 (1979). Similar considerations still weigh heavily in our interpretation of the second injury act. *See, e.g., Anderson v. Second Injury Fund,* 262 N.W.2d 789, 791–92 (Iowa 1978) (purpose to encourage employers to hire handicapped workers).

In the present case, there seems to be no argument about the extent of the second injury standing alone: it is a scheduled injury which does not extend to the body as a whole, even though the cumulative effect of this injury and the prior injuries was to cause such disability.

In this case, if it had not been for the prior injuries sustained by Neelans, the employer would be liable only to the extent provided by the schedule for a leg injury. To hold that the present employer would be liable for payment of a greater amount as a result of the preexisting injuries would be inconsistent with the purpose and language of the statute.

The industrial commissioner correctly ruled that the Second Injury Fund should be responsible for the industrial disability, less the total of the scheduled injuries, or a total of 262 weeks. Accordingly, we reverse and remand for reinstatement of the order by the commissioner.

REVERSED AND REMANDED.