**SECOND INJURY FUND, Appellant,**

v.

**William J. HODGINS, Appellee.**

No. 89–1392.

Supreme Court of Iowa.

Oct. 17, 1990.

Thomas J. Miller, Atty. Gen. and Robert D. Wilson, Asst. Atty. Gen., for appellant.

Harry H. Smith and MacDonald Smith of Smith & Smith, Sioux City, for appellee.

Steven E. Ort, Des Moines, for amicus curiae, Iowa Ins. Institute.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The Second Injury Fund of Iowa (Fund) appeals from a district court ruling upholding the Iowa Industrial Commissioner's award of fund benefits to William J. Hodgins. Hodgins was awarded 60.1 weeks of compensation for a twenty percent industrial disability. This loss was due to "carpel tunnel" injuries to both his right and left hands. We affirm the award.

Hodgins injured his right hand in May of 1980. He was awarded an eleven percent scheduled loss to that hand. In October, 1985 Hodgins injured his left hand. The parties stipulated that this injury resulted in a ten percent scheduled loss to that

hand. Both injuries occurred while he worked for Floyd Valley Packing Company.

■ Our review of this workers' compensation case is for the correction of errors at law, not de novo. *Second Injury Fund v. Mich Coal Co.*, 274 N.W.2d 300, 302 (Iowa 1979). The commissioner's findings have the effect of a jury verdict, and we broadly apply them to uphold his decision. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 282 (Iowa 1983).

> Our ultimate goal is to determine and effectuate the intent of the legislature. We look to the object to be accomplished, the mischief to be remedied, or the purpose to be served, and place on the statute a reasonable or liberal construction which will best effect, rather than defeat, the legislature's purpose.... Although final interpretation and construction of the statute is for this court, we give deference to an interpretation by the responsible administrative agency.

*Id.* at 283 (citations omitted).

The Fund raises several issues which were recently decided in our case *Second Injury Fund v. Braden*, 459 N.W.2d 467 (Iowa 1990). We stand by the conclusions reached in *Braden*. Two of the issues raised by the Fund were not decided in *Braden* and remain for our review.

### I. *Intervening Hiring.*

The Fund claims that inherent in Iowa Code section 85.64 is the implicit requirement that there be an "intervening hiring" between the first and second injuries. We note that although this is the first time we have expressly considered the issue, we have previously considered cases, and found the Fund liable, where the claimant had received separate injuries while working for the same employer. *See, e.g., Second Injury Fund v. Mich Coal Co.*, 274 N.W.2d 300 (Iowa 1979); *Irish v. McCreary Saw Mill*, 175 N.W.2d 364 (Iowa 1970).

■ The Fund concedes that, on its face, section 85.64 is silent as to any such intervening hiring requirement. It contends the requirement is compelled by the legislative

intent behind the Second Injury Compensation Act. We have stated on several occasions that the purpose of the Act is to encourage employers to hire handicapped workers. *See, e.g., Second Injury Fund v. Mich Coal Co.*, 274 N.W.2d at 302; *Anderson v. Second Injury Fund*, 262 N.W.2d 789, 791 (Iowa 1978). The Fund maintains that since Hodgins was not hired after his first injury, but rather retained by his previous employer, the legislative intent behind section 85.64 will not be served by holding the Fund liable.

We believe this analysis focuses too narrowly on our use of the word "hire" and that it ignores instances in which we have defined the purpose of the Act more broadly. We have also phrased the purpose of the Act as being to encourage the *employment* of handicapped workers. *See, e.g., Anderson*, 262 N.W.2d at 792; *Second Injury Fund v. Neelans*, 436 N.W.2d 355, 358 (Iowa 1989).

The retention of handicapped workers is consistent with the hiring of handicapped workers. Under the Fund's interpretation, the purpose of the Act would be to promote the hiring of handicapped workers, but not to prevent those workers from becoming unemployed in the first place. This conclusion is the type of "strained, impractical or absurd result" which we avoid in favor of "a sensible, logical construction." *Graves v. Eagle Iron Works*, 331 N.W.2d 116, 117 (Iowa 1983). These considerations, combined with the fact that it is our policy to "liberally construe workers' compensation statutes in favor of the worker," *id.*, compel us to hold that there is no "intervening hiring" requirement under section 85.64.

### II. *Substantial Evidence.*

■ The Fund claims that, because of a lack of substantial evidence, the commissioner erred in finding that Hodgins suffered a twenty percent industrial disability. Our general rule is "the commissioner's findings will be broadly and liberally construed and to uphold, rather than defeat, his decision." *Deaver v. Armstrong Rubber Co.*, 170 N.W.2d 455, 459 (Iowa 1969) (citations omitted). "[S]trictness in review

of the record is not in order. 'It was the purpose of the legislature to create a tribunal to do rough justice—speedy, summary, informal, untechnical.'" *Nicks v. Davenport Produce Co.*, 254 Iowa 130, 134, 115 N.W.2d 812, 814–15 (1962) (citations omitted). In our determination we consider only evidence favorable to the deputy's findings, whether or not it was contradicted. *Deaver*, 170 N.W.2d at 459–60.

 Here, the evidence showed Hodgins was a forty-six-year-old high school graduate with limited literacy skills. The commissioner considered Dr. Paulsrud's opinion indicating that Hodgins had an eleven percent loss to the right hand. He also considered the parties' stipulation of a ten percent loss to the left hand. The commissioner then concluded that Hodgins has a "total industrial disability of twenty percent permanent partial impairment of the body as a whole."

The evidence also showed that following his injuries, Hodgins continued to work at the same job, and in fact moved to a faster production line. He ceased working at Floyd Valley Packing Company only because the plant shut down. The Fund contends this shows Hodgins suffered no permanent industrial disability as the result of his injuries.

In *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101 (Iowa 1985), we stated that the question is more than what the evidence shows the claimant can or cannot do. The question is the extent to which the injury reduced the claimant's earning capacity. *Id.* at 104. "This inquiry cannot be answered merely by exploring the limitations on his ability to perform physical activity associated with employment. It requires consideration of all the factors that bear on his actual employability." *Id.* Such factors include: "age, education, qualification, experience and inability, due to injury, to engage in employment for which the claimant is fitted." *Doerfer v. Nicol*, 359 N.W.2d 428, 438 (Iowa 1984).

The fact that Hodgins was able to continue at his job does not prove, as a matter of law, that he has suffered no loss of earning capacity. We have stated on several occasions that in determining industrial disability, functional disability, while a consideration, is not the final criterion. *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 192 (Iowa 1980); *Olson v. Goodyear Service Stores*, 255 Iowa 1112, 1121, 125 N.W.2d 251, 257 (1963).

There is substantial evidence in the record to support the commissioner's award.

The district court judgment is affirmed. Interest on the judgment is payable from August 23, 1988, the date of the commissioner's order. *See Braden*, 459 N.W.2d at 473.

AFFIRMED.