# IN THE COURT OF APPEALS OF IOWA

No. 19-0615
Filed November 4, 2020

**KENNETH HENRY STREIT,**
Plaintiff-Appellant,

**vs.**

**STREIT CONSTRUCTION, INC. and EMC INSURANCE COMPANIES,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice, Judge.

The employee appeals from the district court's review of the workers' compensation commissioner ruling finding the employee failed to establish his injury arose out of and in the course of his employment. **REVERSED AND REMANDED.**

Jerry L. Schnurr III of Schnurr Law Firm, P.C., Fort Dodge, for appellant.

Matthew A. Grotnes of Hopkins & Huebner, P.C., Des Moines, for appellees.

Considered by Tabor, P.J., and May and Greer, JJ.

**GREER, Judge.**

Kenneth Streit petitioned for workers' compensation benefits, alleging his 2012 MRSA[1] infection arose out of and in the course of his employment.[2]  His employer, Streit Construction, Inc.,[3] and his employer's insurance company, EMC Insurance Companies, denied liability, and the matter proceeded to a contested hearing.

The deputy commissioner entered a ruling in October 2015, noting that Streit's petition was "based on the assertion he suffered cuts and scrapes while doing construction work, which resulted in him contracting a MRSA infection" and concluding Streit met this burden to prove he sustained a work injury.  According to the deputy, "Wherever claimant was exposed to MRSA, it has been established it entered [Streit's] body through the work-related cuts and scrapes.  That is what makes his MRSA infection a work-related injury."

In December 2016, the commissioner reversed the deputy's ruling, finding Streit "failed to carry his burden of proof that he sustained an injury arising out of and in the course of his employment on October 13, 2012."  In reaching this conclusion, the commissioner quoted extensively from the report of Dr. John

---

[1] MRSA stands for Methicillin-resistant Staphyloccus aureau, a group of Gram-positive bacteria common in hospitals, prisons, and nursing homes, where people with open wounds, invasive devices such as catheters, and weakened immune systems are at greater risk of hospital-acquired infection.  *MRSA: General Information*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/mrsa/community/index.html (last visited Oct. 13, 2020).

[2] At about the same time he learned he had contracted MRSA, Streit began experiencing pain in his back and his right leg.  He alleges his ongoing back condition relates to the MRSA infection.

[3] Kenneth Streit owns Streit Construction, Inc., but he receives an hourly wage for the hours he worked.  He has worked reduced hours since he contracted MRSA.

Kuhnlein. Dr. Kuhnlein offered what amounted to a legal opinion on causation; he asserted that Streit had to prove he acquired MRSA—not just the cuts and scrapes into which MRSA entered his body—from the work site to "close the causation loop." According to Dr. Kuhnlein, which the commissioner cited approvingly:

> To say that [Streit] had open wounds while working therefore his MRSA is work-related is insufficient, as the other half of the argument is missing.
> . . . It must be shown that he was exposed to the MRSA in some work environment, or at least was in an environment where it was more likely than not that such work related exposure occurred in appropriate fashion.

On judicial review, the district court found the commissioner erred in his interpretation of a provision of law. *See* Iowa Code § 17A.19(10)(c) (2018) ("The court shall reverse . . . if it determines that substantial rights of the person seeking judicial relief have been prejudiced because the agency action is . . . [b]ased upon an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency."). Streit alleged he suffered an on-the-job injury; Iowa Code chapter 85 controls recovery for a workers' compensation injury,[4] and Iowa Code chapter 85A controls recovery for occupational diseases.[5] The district court concluded the commissioner, relying

---

[4] "In order to qualify for workers' compensation benefits under chapter 85, the employee must demonstrate '(1) the claimant suffered a "personal injury," (2) the claimant and the respondent had an employer-employee relationship, (3) the injury arose out of the employment, and (4) the injury arose in the course of the employment.'" *IBP, Inc. v. Burress*, 779 N.W.2d 210, 214 (Iowa 2010) (citation omitted).

[5] "[T]o recover under chapter 85A, 'the disease must be causally related to the exposure to harmful conditions of the field of employment,' and 'those harmful conditions must be more prevalent in the employment concerned than in everyday life or in other occupations.'" *Burress*, 779 N.W.2d at 214 (citation omitted). "The term 'exposure' in this context involves a passive relationship between the worker

on Dr. Kuhnlein's assertion that Streit "must first prove he was exposed to MRSA in the workplace," incorrectly applied the causation standard for occupational diseases rather than the standard for injuries. The district court found that the commissioner treated "Streit's MRSA as an occupational disease rather than an injury." In other words, the court determined it was error to require Streit to prove exposure to the harmful conditions (MRSA) of the field of employment to meet his burden of establishing injury causation; instead, the question was whether the injuryarose out of and in the course of employment under chapter 85. Based on this error, the district court remanded the case to the commissioner to apply the correct law in deciding whether Streit proved his injury arose out of and in the course of his employment.

On remand to the commissioner, the commissioner again found that Streit had not met his burden to show his injury was work-related. In this stage, the commissioner summarized the factual findings by detailing the medical evidence submitted in the case. Then, in the conclusions of law, the commissioner stated, "The first issue to be determined, on remand, is whether claimant carried his burden of proof he sustained an injury, under Chapter 85, that arose out of and in the course of employment." Focusing on the MRSA condition, the commissioner concluded that Streit "failed to carry his burden of proof his alleged MRSA condition arose out of and in the course of employment." The commissioner noted, "In this case, three experts have opined there is insufficient evidence claimant contracted

---

and his work environment rather than an event or occurrence or series of occurences which constitute injury." *Perkins v. HEA of Iowa, Inc.*, 651 N.W.2d 40, 43 (Iowa 2002).

MRSA at work," and "[t]here is no evidence [Streit] came into contact with MRSA at work. The record actually suggests [he] may have come in to contact with MRSA at home." So, Streit argues, when applying the facts to law, the commissioner again applied the chapter 85A standard, instead of requiring Streit to show whether the *disease* could be an injury. *See Perkins,* 651 N.W.2d at 43–44 (noting a disease can be an injury when "the germs gain entrance through a scratch or through unexpected or abnormal exposure to infection"). And, in the remand decision of the commissioner there were no factual findings made as to whether the cuts and scratches were an injury from the job site and the MRSA was a sequela[6] of that injury.

On judicial review the second time, the district court affirmed the commissioner, applying the same standard the commissioner had on remand. The district court stated:

> [Streit's] "best case" evidence concerning establishing a nexus between the MRSA and his work comes from a report authored by Dr. Comstock. In his report, Dr. Comstock states, " . . . the overwhelming *possibility* is that the illness arose out of his working conditions." (Emphasis added.). Other physicians offering reports explicitly deny any demonstrable relationship between the MRSA infection and Mr. Streit's workplace, particularly as to a specific time and date.
>     Of importance to the Court is [Streit's] failure to cite to an Iowa case in which an employee was awarded benefits for an injury-based infection or disease where the source of the infection was not present on the job site. . . . There is no evidence [Streit] came in contact with MRSA at work. Here, [Streit] has failed to carry his burden of proof that his MRSA infection arose out of and in the course of his employment.

---

[6] "The workers' compensation commission has defined 'sequela' as 'an after effect or secondary effect of an injury.'" *Huffey v. Second Injury Fund of Iowa*, No. 18-2055, 2020 WL 1548490, at *1 n.1 (Iowa Ct. App. Apr. 1, 2020) (citation omitted).

(First alteration in original.)

Streit appealed. He argues the commissioner made an error at law on remand when he required Streit to prove exposure to MRSA at the work site to prove injury causation. In response, his employer argues that case law requires that the work site be the source of the infection to prove a work-related injury. In the alternative, the employer argues we can affirm because, even if the source of the MRSA is irrelevant, we could find that Streit failed to prove the scrapes and cuts by which MRSA entered his body occurred in the course of his employment.

Our analysis is short. The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.*

So here we apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson Cnty. Pub. Hosp. v. Pub. Emp. Rels. Bd.*, 280 N.W.2d 426, 429–30 (Iowa 1979). We broadly construe the commissioner's findings to uphold, rather than defeat the commissioner's decision. *Second Injury Fund v. Hodgins*, 461 N.W.2d 454, 456 (Iowa 1990). We must examine whether the commissioner's conclusions are supported by substantial evidence in the record made before the agency when the record is viewed as a whole. *Second Injury Fund of Iowa v. Bergeson*, 526 N.W.2d 543, 546 (Iowa 1995). But, the agency's findings of fact are binding on the appellate court if supported by substantial evidence in the record as a whole. *Suluki v. Emp. Appeal Bd.*, 503 N.W.2d 402, 404 (Iowa 1993). Finally, we are not

bound by an agency's interpretation of statutes or legal conclusions. *See Gaffney v. Dep't of Emp. Servs.*, 540 N.W.2d 430, 433 (Iowa 1995).

But, our review is complicated by the law-of-the-case doctrine and a question about the commissioner's findings of fact. *See New Midwest Rentals, LLC v. Iowa Dep't of Commerce, Alcoholic Beverages Div.*, 910 N.W.2d 643, 650 (Iowa Ct. App. 2018) (concluding that with no appeal from the first district court determination of law, that decision was binding on both the agency and on any further appeals in the same case). Still, we see no reason for the employer to appeal the legal determination that chapter 85, not chapter 85A, applied to the case as it was the correct legal conclusion. The missing step complicating our review comes at the fact-finding stage.

Finding that the MRSA exposure did not occur at the job site, we still have no conclusive answer from the commissioner about whether Streit proved that the cuts and scrapes occurred at the worksite as a work injury and whether the MRSA is a sequela of that work injury. In the first decision, the commissioner determined

> Therefore, because claimant has not established he was exposed to MRSA within the workplace itself, and because claimant has not established that the MRSA bacteria actually entered his body through any work-related cuts or abrasions, claimant has failed to prove he sustained an injury which arose out of and in the course of his employment with defendant-employer. To conclude otherwise is simply conjecture.
>
> Because I find claimant failed to prove by a preponderance of the evidence that he sustained a work-related injury in this matter, I also find it necessary to reverse the deputy commissioner's award of healing period benefits, industrial disability benefits, medical benefits including past medical expenses and medical mileage, and the award for future medical treatment for claimant's condition.

But in the decision on remand, under the appropriate statutory standard, there were no factual findings related to the determination of the cuts or abrasions as a work injury. With that question unanswered, a substantial evidence review of the

decision is inapplicable. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218-19 (Iowa 2006). As a result, we must find that the agency action is unreasonable and illogical. *See* Iowa Code § 17A.19(10)(i), (j), (m); *JBS Swift & Co. v. Hedberg*, 873 N.W.2d 276, 281 (Iowa Ct. App. 2015). "When the commissioner fails to consider all the evidence, the appropriate remedy is 'remand for the purpose of allowing the agency to re-evaluate the evidence' unless the facts are established as a matter of law." *Hedberg*, 873 N.W.2d at 281 (citation omitted)*; see also Meyer*, 710 N.W.2d at 225 (stating the remedy for failure to consider all evidence "is to remand the case for a decision by the commissioner on the existing record"); *Huffey*, 2020 WL 1548490, at *5 (finding a remand necessary for the agency to evaluate the conflicting expert testimony on the sequela issue).

But even so, Streit's employer argues we can resolve the question of causation by affirming on alternative grounds that Streit's scrapes and cuts that allowed the MRSA to enter his body were not sustained at work. As noted above, whether Streit obtained the cuts and scrapes at work is a fact question, which is left to the commissioner. *See Arndt v. City of LeClaire*, 728 N.W.2d 389, 394–95 (Iowa 2007) ("It is the commissioner's duty as the trier of fact to determine the credibility of witnesses, weigh the evidence, and decide the facts in issue."). And the commissioner made no such finding.

Finally, Streit asks that we reinstate the ruling of the deputy commissioner rather than reverse and remand to the commissioner again. *See* Iowa Code § 17A.19(10) ("The court may affirm the agency action or remand to the agency for further proceedings. *The court shall reverse, modify, or grant other appropriate relief from agency action . . .* if it determines the substantial rights of the person

seeking judicial relief have been prejudiced . . . ." (emphasis added)).  Streit has not provided, and we have not found, any case law where this remedy has been given.

We reverse and remand to the commissioner to consider whether Streit proved (1) Streit suffered cuts or scrapes at work and (2) the MRSA infection is a sequela of cuts or scrapes he suffered at work.

**REVERSED AND REMANDED.**