**350**

Louis L. KENT, Plaintiff-Appellant,

v.

CIVIL SERVICE MERIT BOARD OF SHELBY COUNTY, Tennessee, and the Shelby County Sheriffs Department, Respondents-Appellees.

Court of Appeals of Tennessee,
Western Section.

Feb. 24, 1983.

Application for Permission to Appeal
Denied by Supreme Court
May 31, 1983.

Alan Bryant Chambers, Memphis, for plaintiff-appellant.

Warner Hodges, III, Germantown, for respondents-appellees.

NEARN, Presiding Justice, Western Section.

Louis L. Kent was fired from his job as a Shelby County Deputy Sheriff. The Civil Service Review Board of Shelby County upheld the discharge and Kent appealed that finding to the Chancery Court of Shelby County for review in the manner provided for by T.C.A. § 27–9–114(a). The Chancellor held:

> The Board did not act in an arbitrary or capricious manner, nor in excess of its jurisdiction, and that there is evidence in the administrative record to support the findings of the Board, the Court therefore, finds that the decision of the Board must be in all respects affirmed.

Kent now appeals to this Court and insists that the issues are:

> (1) Whether the Civil Service Merit Board decision was arbitrary and capricious, in excess of its jurisdiction, and supported by material evidence.

(2) Whether the Chancery Court employed the proper scope of review; that is, whether the scope of review should be *de novo* appeal or *certiorari.*

(3) Whether firing Mr. Kent twice for the same conduct violated the principle of *res judicata.*

We will first consider the matter of scope of review.

It is the position of counsel for appellant that the scope of review of the Chancery Court is governed by Chapter 110, Section 24 of the Private Acts of 1971 and not T.C.A. § 27–9–114. The provision of the Private Act is as follows:

*Appeal from Decision of Board.* Within 30 days following publication of the decision of the Board on any matter heard by it, either the involved employee or the appointing authority from whose Order the appeal was taken may appeal the decision of the Board to the Circuit Court or Chancery Court of the County.

■ Counsel argues that since the act provides that one "may *appeal*" to the Chancery Court, the use of the word "appeal" can only mean that which was formerly referred to as a simple or *de novo* appeal in Chancery practice. The argument may have had at least some validity under the old practice, if the act were referring to an appeal *from* the Chancery to the Court of Appeals. However, the act does not so refer and the argument is without any validity. The use of the word "appeal" in the act is in its generic sense. It simply means that you may seek a review in a State Court of record. The manner of review in that State Court is governed by the general act as found in T.C.A. § 27–9–114 which provides for a review as one of common law certiorari. The statute is as follows:

27–9–114—Proceedings involving certain public employees.—(a) No Court of record in this State shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of county or city employee except

such proceeding be *one of Common Law Certiorari.* (Emphasis supplied).

Therefore, the scope of review of the Chancellor is that provided by T.C.A. § 27–9–114 and our scope is no greater in reviewing his action. *Watt v. Civil Service Board for Columbia,* (1980 Tenn.) 606 S.W.2d 274.

The second issue is found to be without merit.

■ As to the first issue we concur in the finding of the Chancellor that the Board did not act arbitrarily, capriciously; did not exceed its jurisdiction and there was material evidence to support its decision.

There is proof that Kent, while off duty, fired his pistol while in the crowded parking lot of a topless nightclub. The projectile went through the windshield of another vehicle and exited by blowing out the rear window. Further, that Kent had been drinking at the time and to some appeared to be drunk. Further, the Kent vehicle left the lot at a high rate of speed and was chased down by two undercover officers who happened to be on the scene and heard the shot. Kent first denied firing the pistol, later admitted it, but stated that it had gone off accidentally when he was checking the gun to make sure all the shells were in it.

There is material evidence to support the action of the Board.

The first issue is without merit.

■ The facts giving rise to the third issue are that the described event occurred on September 11, 1980, and Kent was fired on September 19, 1980, and the Civil Service Board upon discovering that the Sheriff's Department had not given him written specification of charges as required by statute ordered Kent reinstated and he was so reinstated on October 23, 1980. Thereafter written charges regarding the September event were served on Kent, he was again fired; had a hearing before the Board on the written charges; the firing approved and appeal to the Chancery Court as aforesaid.

Counsel argues that principles of *"res judicata"* bar the second firing and subsequent hearings. It does not. It is uncontradicted that there was no first hearing on the merits. Without written charges the Board could not act. Kent was entitled to them. The matter was dismissed without a hearing of the facts because the procedural error of the Sheriff's Department prevented a consideration of the charges. Since there was no previous hearing on the merits, the doctrine of *res judicata* is not available as a bar to the second hearing. *Garrett v. Corry Foam Products,* (1980 Tenn.) 596 S.W.2d 808.

The third issue is without merit.

The judgment below is affirmed with costs against appellant and surety.

Done at Jackson in the two hundred and seventh year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.