■ In the Matter of JOSEPH SABO, Respondent, v JAMES RACETTE, as Superintendent of Adirondack Correctional Facility, Appellant.—Main, J.

An inmate at Adirondack Correctional Facility, petitioner was charged with violating two of the facility's disciplinary rules, namely, lying *(see,* 7 NYCRR 270.1 [b] [8] [iii]) and possession of excessive tobacco *(see,* 7 NYCRR 270.1 [b] [14] [xi]). The misbehavior report charges that petitioner, a legal assistant in the facility's law library, requested a correction officer to call another inmate to the library, ostensibly with regard to legal matters. When the inmate arrived, petitioner allegedly passed three cartons of cigarettes to the inmate. At the disciplinary hearing, petitioner denied having requested the correction officer to call the inmate and requested that a telephone log be introduced into evidence. The request was denied. Petitioner was found guilty of the charges and subsequently challenged this finding in the instant proceeding. Special Term found that the Hearing Officer's refusal to consider the telephone log was improper, ordered expungement from petitioner's record of references to the hearing, and

directed that petitioner be restored to his legal assistant position, to his former housing unit and to monetary benefits which would have accrued to him.

On this appeal, respondent does not challenge Special Term's finding that the exclusion of the telephone log was improper. However, he does contend that a new hearing, not expungement, was the proper remedy. We agree. Expungement is an appropriate remedy where a new hearing cannot be conducted in accordance with due process (cf. Matter of Shipman v Coughlin, 98 AD2d 823, 824). Here, however, the error can be corrected in a new hearing, and such a hearing can be conducted in accordance with due process. New hearings have been deemed appropriate in similar cases, such as those in which a Hearing Officer improperly denied a prisoner's request for a witness (see, e.g., Matter of Coleman v Coombe, 65 NY2d 777; Matter of Mason v LeFevre, 115 AD2d 922). Accordingly, a new hearing should be held in this matter.

Special Term also ordered petitioner's reinstatement to his previous job and housing assignments, and payment of monetary benefits which would have accrued to him. This was error. Petitioner has not established a statutory, constitutional or precedential right to his prison job or to specific housing (see, Matter of Cooper v Smith, 63 NY2d 615, 616; Matter of Johnson v Smith, 112 AD2d 50, 51, affd 66 NY2d 697). Further, monetary benefits such as those sought here are not recoverable in a CPLR article 78 proceeding, but must be sought through an action in the Court of Claims (see, id.).

Judgment modified, on the law, without costs, by reversing so much thereof as ordered expungement of petitioner's record, restoration to former job and housing and restoration of monetary benefits; matter remitted to the Department of Correctional Services for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.