Mark Kane BUGELY, Appellant,

v.

STATE of Iowa, Appellee.

Ronald L. MAY, Appellant,

v.

STATE of Iowa, Appellee.

Nos. 89–1403, 90–61.

Supreme Court of Iowa.

Jan. 23, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant Mark Kane Bugely.

Ronald L. May, appellant, pro se, and Ahmet S. Gonbubol, Asst. Appellate Defender, as standby counsel.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Willie Hill, Suzie A. Berregaard, and Kristin W. Ensign, Asst. Attys. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

In *Aschan v. State*, 446 N.W.2d 791, 794 (Iowa 1989), we interpreted Iowa Code section 663A.2(6) (1987) as requiring a postconviction relief applicant to exhaust both levels of examination in Iowa Code section 903A.3(2) before such applicant seeks relief in the district court. These levels include appeal to the warden and review by the director of the Iowa department of corrections. *Id.* at 792. These cases present a common question: What relief can the district court fashion when prison officials interfere with a prisoner's attempt to pursue an administrative remedy? We set out a procedure for the district court to follow in these circumstances. In these two cases we reverse and remand with directions to the district court to apply this procedure.

Mark Kane Bugely and Ronald L. May, while prisoners, were each charged with violations of prison disciplinary rules. A prison disciplinary committee in both instances found a violation. As a result, both prisoners lost good time and incurred disciplinary detention.

Both prisoners appealed to the warden pursuant to section 903A.3(2) (1989). And in both instances the committee's decision was upheld.

Bugely sought review by the director of the Iowa department of corrections—the next level of examination provided for in section 903A.3(2). But he dismissed this appeal, claiming that prison officials would not release him from lockup until he did so.

May, on the other hand, did not seek such review. He claimed an excuse for not doing so: prison officials denied him envelopes so he could not mail his appeal to the director. (Apparently after the warden denied May's appeal, May was in disciplinary detention.)

Bugely and May appealed to the district court for postconviction relief. *See* Iowa Code § 663A.2(6). The State in each instance resisted, claiming the district court had no jurisdiction because of our holding in *Aschan*. In each instance the district court dismissed the action, concluding each prisoner had not exhausted his administrative remedy as required by section 663A.2(6) and section 903A.3(2).

■ On appeal to this court both prisoners contend they should be excused from complying with this exhaustion requirement because prison officials interfered with their attempts to pursue their administrative remedies.

In *Aschan* we made it very clear that prisoners who seek relief in the district court from loss of good time must exhaust the two levels of examination in section 903A.3(2). Failure to do so, we held, deprives the district court of jurisdiction to hear the case. *Aschan*, 446 N.W.2d at 794.

We also made it very clear that two conditions must be met before we apply the exhaustion doctrine. First, an administrative remedy must exist for the claimed wrong. Second, the statute must expressly or impliedly require that remedy to be exhausted before court intervention. *Aschan*, 446 N.W.2d at 793.

When prisoners fail to exhaust their administrative remedies because of interference from prison authorities, the administrative remedy is rendered inadequate. In these circumstances we can hardly say that an administrative remedy exists for the claimed wrong. In short, the exhaustion doctrine simply does not come into play. *Cf. Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir.1982) (interference by prison officials with prisoners' attempts to pursue administrative remedy renders remedy inadequate).

■ If a prisoner does not exhaust the administrative remedies in section 903A.3(2) in a timely manner because of such interference, what relief can the district court fashion? In these circumstances, we think the district court should not proceed on the merits but should remand for completion of the administrative process.

■ When faced with a claim of such interference, the district court shall employ the following procedure. The district court shall order the remand only if convinced by a preponderance of the evidence that (1) the prison authorities did indeed interfere and (2) that such interference prevented completion of the administrative appeal process in a timely manner. The prisoner, of course, bears the burden of proof on these issues. In any remand order the district court shall set time limits for completing the administrative appeal process. Such time limits shall begin to run from the date of the remand order.

■ The remand we speak of is not a limited remand but a remand for further proceedings. In a limited remand, the reviewing court retains its jurisdiction; in a remand for further proceedings, the reviewing court loses jurisdiction. *See Reiter v. Iowa Dep't of Job Serv.*, 327 N.W.2d 763, 766–67 (Iowa App.1982) (distinguishing between limited remand and remand for further proceedings). So on the remand if

the prisoner is dissatisfied with the final administrative decision, such prisoner must file a new application with the district court pursuant to section 663A.3.

We think such a procedure is sound and in accordance with the underlying reasons for the exhaustion requirement. These reasons include

> aid[ing] judicial review by allowing the appropriate development of a factual record in an expert forum; conserv[ing] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[ing] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir.1983) (requiring prisoner to exhaust administrative remedies before filing for habeas corpus relief in a federal parole matter).

Here the district court dismissed both petitions for postconviction relief, concluding that both prisoners failed to complete the appeal process set out in section 903A.3(2). We reverse and remand in both cases. On remand the district court shall determine the interference issue in accordance with the procedure we set out above. Depending on how the district court rules, each proceeding should either be dismissed or remanded for further proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.