Byron MILLER, Plaintiff,

v.

IOWA DISTRICT COURT for JONES COUNTY, Defendant.

Russell Mahan, Plaintiff,

v.

Iowa District Court for Jones County, Defendant.

No. 96–2274.

Supreme Court of Iowa.

Nov. 17, 1999.

Philip B. Mears of the Mears Law Office, Iowa City, for plaintiffs.

Thomas J. Miller, Attorney General, and H. Loraine Wallace, Assistant Attorney General, for defendant.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Plaintiffs Byron Miller and Russell Mahan, inmates at the North Central Correctional Facility in Rockwell City, Iowa, were found guilty by a prison disciplinary committee of violating certain prison rules stemming from their escape from that facility. After exhausting their administrative remedies, Miller and Mahan filed applications for postconviction relief in district court, asserting that prison officials failed to comply with Iowa Department of Corrections (DOC) Policy IN–V–36(V)(D). That policy requires that, when the matter has also been referred to a prosecuting authority, the prison disciplinary proceedings shall be stayed until criminal charges are disposed of or dismissed, unless the inmate is informed that any statements made by the inmate during a disciplinary hearing will not be used in subsequent criminal proceedings. Prison officials held disciplinary hearings concerning Miller and Mahan before disposition of the related criminal charges and did not advise them of the provisions of Policy IN–V–36(V)(D). The district court denied the requested relief, finding that Miller and Mahan suffered no prejudice by the failure of prison officials to comply with the disciplinary procedural policy.

We granted Miller and Mahan's petitions for writ of certiorari. Upon our review, we annul the writ in Miller's case and sustain the writ in Mahan's case and remand that case to the prison disciplinary committee for further appropriate proceedings.

## I. Background facts and proceedings.

On February 18, 1995, plaintiffs Byron Miller and Russell Mahan escaped from the North Central Correctional Facility in Rockwell City. Disciplinary reports were filed against Miller and Mahan, charging them with violating several prison rules, including escape. Miller was captured on May 3, 1995 and was given a copy of the prison disciplinary report. Mahan was given a copy of the prison disciplinary report after his capture on June 14, 1995. Criminal charges of escape were also filed against plaintiffs in district court.

Following hearings before the disciplinary committee, both Miller and Mahan were found guilty of violating prison rules relating to escape, felonious conduct, damage to property, unauthorized absence, and disruptive conduct. The committee imposed sanctions on each inmate and recommended that they be transferred to a more secure facility. The committee's decision in Miller's case notes that he was given *Miranda* warnings before the hearing. The committee's decision notes that Mahan declined to make any comment during his disciplinary hearing due to the pending criminal charges.

Miller and Mahan later pled guilty in district court to the related criminal escape charges. Mahan was sentenced to an indeterminate five-year term of incarceration to be served consecutive to his present term.

Miller and Mahan both appealed their prison disciplinary sanctions to the prison warden and later to the DOC. *See* Iowa Code § 903A.3(2). In his appeal to the warden, Miller challenged the harshness of his sentence and the failure of prison officials to comply with Policy IN–V–36(V)(D) concerning the requirement that disciplinary proceedings be stayed pending disposition of related criminal charges, unless the inmate is informed that statements made during the disciplinary hearing will not be used in a subsequent criminal proceeding. On appeal to the DOC, however, Miller only challenged the harshness of his sentence and did not raise the issue of noncompliance with Policy IN–V–36(V)(D). Mahan, on the other hand, contended both on appeal to the warden and before the DOC that prison officials failed to comply with Iowa DOC Policy IN–V–36(V)(D). The committee's decisions were upheld in each case by both the prison warden and the DOC.

Miller and Mahan then filed applications for postconviction relief with the district court. *See* Iowa Code §§ 822.2(6), 822.3. After a hearing, the district court affirmed the decisions of the disciplinary committee in both cases and denied the requests of Miller and Mahan for postconviction relief. The court found that no information was provided to the county prosecutor as a result of the prison disciplinary actions and thus there was no prejudice to plaintiffs. The court concluded that plaintiffs' rights were not prejudiced and rejected plaintiffs' claims that the failure of prison officials to comply with DOC Policy IN-V-36(V)(D) required expungement of the disciplinary sanctions from their records.

Thereafter, Miller and Mahan filed petitions for a writ of certiorari with our court, pursuant to Iowa rule of civil procedure 309 and Iowa rules of appellate procedure 301 and 303. We granted the petitions of Miller and Mahan for writs of certiorari. *See* Iowa Code §§ 822.2(6), 822.9.

## II. Lack of error preservation by Miller.

■ Before reaching the merits of the main issue raised in this review, we must first address the State's argument that Miller failed to preserve error concerning his challenge that prison officials failed to comply with DOC Policy IN-V-36(V)(D).

■ Before seeking postconviction relief concerning action taken by a prison disciplinary committee, the prisoner must first exhaust his administrative remedies by raising the basis for requested relief in the administrative process. *James v. State,* 479 N.W.2d 287, 292 (Iowa 1991); Iowa Code §§ 822.3, 822.6, 822.8, 903A.3(2). In other words, the inmate must raise any challenge concerning action taken by the disciplinary committee in appeal to the prison warden and to the director of the department of corrections.

The record shows that although Miller raised the issue of noncompliance by prison officials with Policy IN-V-36(V)(D) in his administrative appeal to the warden, he did not mention it in his appeal to the Director of Corrections. Mahan, in contrast, specifically mentioned noncompliance with Policy IN-V-36(V)(D) in his appeals to both the warden and the Director of Corrections.

Because Miller did not raise the issue of noncompliance with Policy IN-V-36(V)(D) in his appeal before the Director of Corrections, we therefore agree with the State's contention that he failed to exhaust his administrative remedies as to this issue. *James,* 479 N.W.2d at 292 (prison inmate seeking postconviction relief must exhaust administrative remedies by asserting ground for relief in administrative process; inmate failed to exhaust administrative remedies by failing to raise certain contentions in administrative appeals to prison warden and to Director of Corrections); *Bonds v. State,* 447 N.W.2d 135, 136 (Iowa 1989).

We therefore conclude that Miller failed to preserve error in the administrative process concerning the failure of prison officials to comply with Policy IN-V-36(V)(D). Thus, he could not validly raise that issue in postconviction relief proceedings. The writ of certiorari must be annulled as to his claim here.

We therefore proceed to address the merits of Mahan's claim only.

## III. Standard of review.

■ In his petition for writ of certiorari, Mahan challenges the district court's decision denying him postconviction relief. Our standard of review concerning a denial of an application for postconviction relief is for errors of law. *Harpster v. State,* 569 N.W.2d 594, 596 (Iowa 1997).

## IV. Mahan's claim as to Department of Corrections Policy IN-V-36(V)(D).

■ Iowa DOC Policy IN-V-36(V)(D) explains the proper procedure to be followed when disciplinary charges and crimi-

nal charges are pending against a prison inmate stemming from an incident at a correctional facility

. . . .

D. When a matter has been referred to the prosecuting authority *prior to the holding of a* [prison] *disciplinary hearing, disciplinary action shall be stayed until criminal charges are disposed* of or dismissed, *unless the inmate is informed that any statements made to the investigator or* [prison disciplinary] *committee will not be used in criminal proceedings.* Written approval from the prosecutor shall be granted prior to such action. The inmate shall be advised of right to remain silent but that silence may be used in the disciplinary proceedings.

(Emphasis added.)

Summarized, Policy IN–V–36(V)(D) suggests that pending criminal charges against an inmate will be disposed of before any prison disciplinary action is taken against the inmate. If prison officials wish to take disciplinary action before the disposition of related criminal charges, prison officials must—before holding the disciplinary hearing—inform the inmate that any statements made during the disciplinary hearing will not be used in subsequent criminal proceedings. The prosecutor also must agree in writing.

All parties agree that prison officials did not comply with the above provision as to Mahan. Specifically, prison officials held Mahan's disciplinary hearing before the related criminal charges against him were concluded and did not inform him that any statements made by him during the disciplinary hearing would not be used in the subsequent criminal proceedings. Mahan asserts that because he was not advised of the provisions of Policy IN–V–36(V)(D), he was denied the opportunity to present a defense or mitigating factors in response to the disciplinary charges. Although the record does not show any expungement provision in the disciplinary rules governing the North Central Correctional Facility in Rockwell City, the correctional facility from which plaintiff Mahan escaped, Mahan contends that the only proper remedy for failure of prison officials to advise him of Policy IN–V–36(V)(D) is expungement of the disciplinary violations from his disciplinary record.

The question we must answer then is what is the proper remedy as a result of the failure of prisons officials to comply with Policy IN–V–36(V)(D). We have said that "the remedy of expungement is designed to preclude unwarranted collateral consequences from determinations arrived at with less than the requisite procedural fairness." *Allen v. State,* 418 N.W.2d 67, 69 (Iowa 1988) (applying expungement provisions of former Iowa State Penitentiary rule mandating expungement if an alleged prison rule violation is not adjudicated in accordance with procedures contained in penitentiary manual of disciplinary policies and procedures; inmate not entitled to expungement where one of two charges of violation of disciplinary rules was overturned because the finding of guilt rested upon an insufficient quantum of supporting proof). On this issue, one court has stated that expungement is only required when

(1) the challenged disciplinary determination is not supported by substantial evidence; (2) there has been a violation of one of the inmate's fundamental [constitutional] due process rights, as enunciated in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); or (3) other equitable considerations dictate expungement of the record rather than remittal for a new hearing.

*Hillard v. Coughlin,* 187 A.D.2d 136, 593 N.Y.S.2d 573, 576 (1993) (citations omitted) (inmate was entitled to new prison disciplinary hearing, not expungement, when prison officials failed to show him a videotape of prison uprising in which inmate was charged as a participant).

Upon our review, we conclude that the failure of prison officials to advise Mahan of the provisions of Policy IN–V–36(V)(D) deprived him of a substantial right. We note, however, that Mahan conceded during oral argument that this deprivation does not amount to a violation of a constitutionally protected right. We also point out that Mahan raises no challenge concerning whether the disciplinary committee's finding that he violated certain prison rules is supported by some evidence. *See Backstrom v. Iowa Dist. Ct.*, 508 N.W.2d 705, 711 (Iowa 1993) (adopting "some evidence" test as appropriate standard of proof in prison disciplinary cases). Nor do we find any equitable considerations that require expungement.

We conclude that the proper remedy for noncompliance by prison officials with Policy IN–V–36(V)(D) is to sustain the writ and remand Mahan's case for a new hearing before the disciplinary committee, rather than expungement of his disciplinary record. *See, e.g., Bradham v. State*, 476 N.W.2d 369, 373 (Iowa App.1991) (affirming district court's ruling which granted reformatory inmate postconviction relief, vacated the disciplinary action and remanded for a new disciplinary hearing; inmate was entitled to new hearing where inmate was denied due process when warden had an ex parte communication with one of the disciplinary committee members concerning the basis for the disciplinary report); *Hillard*, 593 N.Y.S.2d at 576; *Arroyo v. Coughlin*, 182 A.D.2d 1130, 583 N.Y.S.2d 98, 98 (1992) (new prison disciplinary hearing, not expungement, was the proper remedy for failure of prison officers to review videotape of alleged violation of prison rules by inmate; new hearing was proper where misbehavior/disciplinary report and hearing testimony constituted substantial evidence to support the disciplinary determination, charges against inmate were serious and where inmate had served only a part of his penalty); *Sabo v. Racette*, 124 A.D.2d 920, 508 N.Y.S.2d 666, 667 (1986) ("[e]xpungement is an appropriate remedy where a new hearing cannot be conducted in accordance with due process"; inmate was entitled to new hearing, not expungement, where hearing officer wrongfully failed to introduce or consider certain evidence during hearing). A new hearing would enforce the DOC written policy and give Mahan the opportunity to present any defense and/or mitigating factors in response to the disciplinary charges. We point out that the warden or the DOC could have remanded Mahan's case for correction of the procedural error and new hearing pursuant to Iowa Code section 903A.3(2) (superintendent, warden, or designee may affirm, modify, remand for correction of procedural errors, or reverse an order entered in a prison disciplinary case).

We conclude the district court erred in finding that Mahan's rights were not prejudiced. The writ should be sustained and Mahan's case remanded to the prison disciplinary committee for proceedings consistent with this opinion. We have all other contentions made by the parties and find them to be without merit or unnecessary to address.

## V. Disposition.

We conclude that plaintiff Miller failed to preserve error concerning the claims raised in his petition for writ of certiorari. We therefore annul the writ in Miller's case.

We conclude that the failure of prison officials to comply with DOC Policy IN–V–36(V)(D) entitles plaintiff Mahan to a new hearing before the prison disciplinary committee. We therefore sustain the writ of certiorari in Mahan's case and order that case to be remanded to the prison disciplinary committee for further proceedings consistent with this opinion.

**WRIT ANNULLED IN MILLER CASE; WRIT SUSTAINED IN MAHAN CASE AND CASE REMANDED.**