James SEREDA, Appellant,

v.

**THE ZONING BOARD OF ADJUSTMENT, CITY OF BURLINGTON, Appellee.**

No. 00–0748.

Court of Appeals of Iowa.

June 29, 2001.

Andrew S. Hoth of Hoth Law Offices, Burlington, for appellant.

Wm. Scott Power and Melinda S. Hentzel of Aspelmeier, Fisch, Power, Warner & Engberg, P.L.C., Burlington, for appellee.

Heard by VOGEL, P.J., and ZIMMER and HECHT, JJ. MILLER, J. takes no part.

VOGEL, P.J.

James Sereda's request for a conditional use permit was denied by the Zoning Board of Adjustment for the City of Burlington. He sought a writ of certiorari, which the district court sustained, remanding the case back for further proceedings. After another hearing and denial of the permit, Sereda moved the district court for further proceedings on the original writ. The district court, finding it had no retained jurisdiction, denied Sereda's motion. We agree with the district court and affirm.

***Background Facts and Proceedings.*** James Sereda filed an application for a conditional or special use permit with the City of Burlington, to construct a short wave radio tower on his residential property. The application was denied by the city's Zoning Board of Adjustment [Board]. Sereda was granted a rehearing, and the Board once again denied his request, but provided no written findings or reasons in support of its denial. Sereda then filed a petition for a writ of certiorari, which was sustained by the district court.

Determining that the lack of written factual findings rendered the Board's decision unreasonable and arbitrary, and therefore illegal, the court reversed the decision and remanded the matter to the Board for further proceedings consistent with its ruling:

> The Court concludes that this matter should be remanded to the Board of Adjustment for a decision on Mr. Sereda's petition for a special use permit, based on the existing record or the existing record together with such additional evidence as Mr. Sereda and the city of Burlington may agree to present to the Board of Adjustment. The Board of Adjustment should then make written findings of fact on all issues presented, with such written findings to be sufficient to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the Board acts. In remanding this case the Court makes no suggestion whatsoever as to what the Board of Adjustment's decision on the merits should be.

The further proceedings were conditioned, however, upon Sereda requesting such proceedings within fifteen days. The ruling stated that if Sereda failed to make a timely demand, his application for the special use permit would be deemed withdrawn.

At Sereda's request a third hearing was held, and the Board once again denied his application, this time passing a resolution that set forth the reasons for the denial. Sereda then filed a request for further district court proceedings on the sustained writ. He argued the Board's third denial was inconsistent with the district court's prior ruling, and contended the court had retained jurisdiction to review whether the Board's decision was in compliance with that ruling. The district court denied Sereda's request, declaring the Board had complied with the directions upon remand, as it had issued written findings, and that with this compliance, any and all matters pertaining to the original writ were concluded. The court determined it had no jurisdiction to reach the merits of the Board's written findings, ruling that the appropriate remedy to challenge the third denial was the filing of a new writ of certiorari.

***Scope of Review.*** We review the district court's ruling for corrections of errors at law. Iowa R.App.P. 4; Iowa R.Civ.P. 318.

■ ***Jurisdiction over the Original Writ.*** Although Sereda did not request that the district court retain jurisdiction over the original writ, he contends such jurisdiction was in fact retained in the court's initial ruling. In effect, he argues the district court engaged in a limited remand, rather than a remand for further proceedings. In a limited remand a reviewing court retains jurisdiction over the proceedings so that it might evaluate the directed actions of the lower court or tribunal. *See Bugely v. State,* 464 N.W.2d 878, 880 (Iowa 1991). By contrast, all jurisdiction is lost in a remand for further proceedings, and a dissatisfied party can seek redress only by filing a new application, writ or appeal. *See id.* at 880–81.

The district court's initial ruling arguably contains language indicative of a limited remand, in that it contemplates a possible review of any subsequent decision by the Board. It does not indicate, however, that such review would be conducted under the original writ. More importantly, the court specifically remanded "for fur-

ther proceedings," and those proceedings were not mandatory, but rather at the discretion of Sereda.[1] Taken as a whole, the ruling demonstrates a remand to the Board, and relinquishment of jurisdiction over the matter.

Moreover, nothing in Iowa Code Chapter 414 or Iowa Rule of Civil Procedure 306, et seq., which govern writs of certiorari from municipal zoning decisions, contemplates retained jurisdiction. *Cf. Reiter v. Iowa Department of Job Service*, 327 N.W.2d 763 (Iowa Ct.App.1982) (discussing Iowa Code Chapter 17A and its authorization of a limited remand). The district court may affirm, reverse or modify the decision of a zoning board, Iowa Code § 414.18 (1999), and may set down "the manner in which either party may proceed further." Iowa R.Civ.P. 316. We determine this latter authorization contemplates a remand for further proceedings, not a limited remand with retained jurisdiction.

Such a constraint on the court's authority comports with the underlying rationale of a remand for further proceedings and the attendant relinquishment of jurisdiction. Retaining jurisdiction to review the general merits of a subsequent judgment runs the risk of either rendering the retained jurisdiction meaningless, or inappropriately restricting the decision-making power of the board or tribunal. As noted

in *State v. Luedtke*, 279 N.W.2d 7 (Iowa 1979):

> The remand might result in no subsequent appeal; if it does, the new ... record will likely result in some change in the issues now before us. Furthermore, to remand for statement of reasons presupposes that the trial court will reach the same result ..., while it is possible that a trial court, in enunciating the reasons for the disposition, might feel inclined to reach a different result. We should allow enough latitude to do so if it appears to be justified.

*Luedtke*, 279 N.W.2d at 8.

In this case the Board, upon remand, could have ruled in Sereda's favor. Had that occurred, the jurisdiction retained by the district court would have been rendered meaningless. We therefore agree with the district court's conclusion it had not retained jurisdiction and had no legal basis, under the original writ, to review the Board's decision.[2]

If Sereda was dissatisfied with the Board's third ruling, his recourse was the filing of a new writ of certiorari. Although timely informed of the Board's third denial, Sereda neither filed a new petition nor requested additional time to do so. *See* Iowa R.Civ.P. 307(c) (directing petitions for writ of certiorari to be filed within thirty days of alleged illegal action, which time can be extended only upon motion

1. The district court specifically ordered:
   This matter is remanded to the Board of Adjustment for further proceedings consistent with this ruling, if within 15 days of the date of this ruling the Petitioner Mr. Sereda requests such further proceedings; if he does not his petition for a special use permit will be deemed withdrawn....

2. Although the district court found it had no authority to reach the substantive merits of the Board's decision, the court apparently believed it had the ability to review whether

the Board had issued written findings as required by the remand order: "Beyond the determination that the Board acted in conformity with this Court's prior Order, the Court has no further jurisdiction over the merits of the Petitioner's claims as set forth in his original Writ." Because we determine the district court retained no jurisdiction under the original writ, we note it did not in fact have any authority to review whether the Board was in procedural compliance with its prior ruling.

filed within ninety days of the act complained of, and upon a showing the board or tribunal failed to notify petitioner of the action taken). Accordingly, he is precluded from challenging the Board's decision. Because the district court properly denied his request for further review under the original writ, we affirm its ruling.

**AFFIRMED.**