# IN THE COURT OF APPEALS OF IOWA

No. 25-0310
Filed December 17, 2025

**LATOYIA TOWNS,**
        Petitioner-Appellant,

**vs.**

**SILVER OAKS NURSING AND REHABILITATION CENTER, LLC,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Patrick D. Smith, Judge.


        Latoyia Towns appeals from a district court order that determined the court lacked jurisdiction to review the Iowa Workers' Compensation Commissioner's decision following remand.  **AFFIRMED.**


        Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

        Tyler C. Block of Kuper Block & Paumer, PC, LLO, Omaha, Nebraska, for appellee.


        Considered without oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

This appeal centers on the jurisdiction of the district court following a remand after hearing on a petition for judicial review. Latoyia Towns sustained a work-related injury to her right shoulder during her employment at Silver Oaks Nursing and Rehabilitation, LLC. Dissatisfied with her employer's stance on recommendations from her primary care physician, Towns filed a petition for alternate medical care. Following the denial of her request for alternate medical care by the deputy workers' compensation commissioner, Towns filed a petition for judicial review in the Polk County District Court challenging the decision. There is no dispute that Towns's initial timely petition for judicial review was procedurally correct.

Following hearing on Towns's petition for judicial review, the district court determined that "given the record before the Court, it cannot determine whether the Commissioner's decision was irrational, illogical, or wholly unjustifiable." The district court remanded the case to the agency for "more specific findings" and "further analysis" "as to the issues of Towns'[s] notice [of dissatisfaction] to Silver Oaks, Silver Oaks'[s] notice to Towns, and whether [Towns's primary care provider (PCP)] was deemed an authorized provider by Silver Oaks."

After entry of the order, both parties filed motions pursuant to Iowa Rule of Civil Procedure 1.904. The court denied Silver Oaks's motion and denied Towns's motion in part and granted such in part, determining: "This Court feels that the previously entered order implicitly required the agency to undertake the requested actions, but this ruling will make that request explicit. Additional hearing and supporting documents are necessary for a decision by the agency."

Following remand and hearing, the deputy entered a decision denying Towns's petition for alternate medical care. The deputy's order further stated it was "delegat[ed] authority" "to issue final agency decisions on applications for alternate care"; "[c]onsequently, this decision constitutes final agency action, and there is no appeal to the commissioner. Judicial review in a district court pursuant to Iowa Code chapter 17A is the avenue for an appeal."

It is at this point where the jurisdictional dispute arises. Towns did not file a petition for judicial review following the commissioner's decision but instead filed a document captioned "presentment of agency response to remand order for additional factual findings and request for order for hearing transcript and scheduling orders." Towns challenged the deputy's decision and requested, in part, that the district court "direct the agency to enter an award of alternate medical care entitling Ms. Towns to proceed with the care recommendations from her PCP."

The district court scheduled a hearing. At the hearing, Silver Oaks disputed the court's jurisdiction. Silver Oaks maintained that Towns was required to file a petition for judicial review to invoke the court's jurisdiction to review the remand decision. But Towns argued the district court retained jurisdiction because it had ordered remand for the limited purpose of receiving additional factual findings on the specific issues requested by the court. The district court agreed with Silver Oaks and ordered: "[T]he court does not have jurisdiction to review the Commissioner's Remand Decision. The court takes no further action, and the Remand Decision stands as the final decision."

Towns appeals, claiming the district court erred in finding it was without jurisdiction as the court previously ordered a "limited remand," which did not result in final agency action reviewable only by a petition for judicial review.[1]

We begin our analysis with the following. A limited remand contemplated by the section of the administrative procedure act which allows a court to order the taking of additional evidence is unlike the remand envisioned in the section providing for a remand for further proceedings. The limited remand is meant to expand the record available to the district court for judicial review and to permit the agency to modify its decision on the basis of additional evidence, while a complete remand contemplates review on the merits and is appropriate where an erroneous rule of law is applied by the agency or where the record is inadequate for the court to determine effectively the merits of appeal. Iowa Code § 17A.19(7), (10) (2023); *Reiter v. Iowa Dep't of Job Serv.*, 327 N.W.2d 763, 766–67 (Iowa Ct. App. 1982).

In a limited remand, the reviewing court retains its jurisdiction; while in a remand for further proceedings, the reviewing court loses jurisdiction. *See Reiter*, 327 N.W.2d at 766–67 (distinguishing between a limited remand and remand for further proceedings).

There may be instances where the district court is authorized to make an interlocutory order remanding the case to the agency for further proceedings. *See* Iowa Code § 17A.19(7); *see also W. Side Transp., Inc. v. Fishel*, No. 02-0092, 2003 WL 21542498, at *3 (Iowa Ct. App. July 10, 2003). If this is done, "it is

---

[1] Towns also maintains the deputy's "remand decision is null and void" because the "agency exceeded the limits of the remand order." But because this issue was not decided by the district court, it is not preserved for review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

incumbent upon the court to note that the remand is of a limited nature and that the court is retaining jurisdiction." *Cont'l Tel. Co. v. Colton*, 348 N.W.2d 623, 625 (Iowa 1984). Here, the district court did not indicate the remand was limited, nor did the court indicate it was retaining jurisdiction.

Towns highlights Iowa Code section 17A.19(7), referenced above, which provides in part:

> Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.

Our courts have held remanding for further proceedings is sound and in accordance with the underlying reasons for the exhaustion requirement. *Bugely v. State*, 464 N.W.2d 878, 881 (Iowa 1991). These reasons include "aiding judicial review by allowing the appropriate development of a factual record in an expert forum," conserving the court's time due to "the possibility that the relief applied for may be granted at the administrative level," and allowing the agency below a chance to correct errors which occurred during administrative proceedings. *Id.* at 881 (cleaned up).

We find Towns's argument that the district court's prior order was for a limited remand to be unpersuasive. Neither party made application to the court to present additional evidence to the district court before the remand as contemplated in section 17A.19(7). We concur with the district court that its ruling on judicial review in this case "is missing the essential elements of a limited remand." *See,*

*e.g., Reiter*, 327 N.W.2d at 766. The district court explained the remand order as follows:

> The court held a review on the merits, but found the record was inadequate to effectively determine the merits without further fact finding and analysis by the Commissioner. The court remanded the case to the Commissioner for further findings and analysis, but did not expressly state or otherwise make clear the remand was limited, nor that the court was retaining jurisdiction pending the Commissioner's taking of additional evidence.
> . . . . The court found remand was necessary not just because more evidence was needed, but because the Commissioner on one issue applied the law incorrectly, and also failed to properly analyze the evidence already in the record. Importantly, there was nothing in the court's Judicial Review Ruling indicating it was a limited remand under section 17A.19(7) or that the court was retaining jurisdiction.

On remand, the deputy entered a remand decision that, as here, specified it was the agency's final agency action. "A timely petition for judicial review from an administrative decision is a jurisdictional prerequisite." *Askvig v. Snap-On Logistics Co.*, 967 N.W.2d 558, 562 (Iowa 2021); *Cooper v. Kirkwood Cmty. Coll.*, 782 N.W.2d 160, 164 n.1 (Iowa Ct. App. 2010) (stating "a lack of subject matter jurisdiction cannot be waived"). And here, there was a lack of a judicial-review petition from the agency's final action. Accordingly, we agree that the district court was without jurisdiction to consider Towns's claims.

**AFFIRMED.**